Filed 7/14/16  In re Mia A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re MIA A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B269838 (Super. Ct. No. 1436204) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,  Plaintiff and Respondent,  v.  CORINA G.,  Defendant and Appellant. | |

Corina G. ("Mother") appeals the juvenile court's December 17, 2015 orders (1) terminating her parental rights to her daughter, Mia A. (Welf. & Inst. Code, § 366.26);[1] and (2) denying her motion to set aside a prior order terminating reunification services (§ 388, subd. (a)).

We appointed counsel to represent Mother on appeal.  On April 25, 2016, counsel filed an opening brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835. Counsel found no arguable issues and asked that we exercise our discretion to allow Mother to personally file a supplemental brief.  We notified Mother that she had 30 days

_____

[1] All statutory references are to the Welfare and Institutions Code.

within which to submit any contentions she wished us to consider, and that the failure to do so would result in the dismissal of her appeal as abandoned.

Mother filed a letter on May 24, 2016, raising the following contentions for our consideration: (1) she has improved in her addiction recovery and now believes she has the ability to take care of her daughter; (2) her daughter would benefit by being raised by her natural mother; and (3) when she agreed to the termination of reunification services, she did not understand the consequences of doing so. We affirm.

BACKGROUND

Mia was born with health problems caused by prenatal exposure to drugs. The juvenile court declared Mia a dependent of the court and ordered reunification services for Mother. At the six-month review hearing, the Santa Barbara County Department of Social Services ("DSS") recommended terminating reunification services on grounds that Mother remained unable to care for Mia and reunification was unlikely within the next six months. Mother agreed not to contest the recommendation in exchange for more frequent visits with Mia. Although Mother stated she intended to file a motion to modify the court's order at a later time, she acknowledged that she understood there was "no promise or guarantee" that reunification services would be reinstated. The juvenile court found adequate services had been provided and Mother's progress in reunification was minimal. The court terminated reunification services.

Thereafter, the juvenile court found Mia was adoptable and terminated Mother's parental rights. The court disagreed with Mother's contention that Mia would benefit from a continued relationship with her, and deemed insufficient Mother's offer of proof that she was doing well in recovery and Mia had responded positively to her during supervised visits.

Mother filed a motion under section 388, subdivision (a), to reinstate reunification services, arguing (1) she had one of her other children living with her in a residential treatment program; (2) she was doing well in the program; (3) she had nine months of sobriety; (4) she was better able to take care of Mia, who was no longer medically fragile; and (5) reunification would allow Mia to develop relationships with her

2

half siblings. The court denied the motion on grounds that Mother had not demonstrated a change in circumstances.

## DISCUSSION

### *Termination of Parental Rights*

If, after terminating reunification services, the juvenile court finds by clear and convincing evidence that a dependent child is adoptable, it must terminate parental rights and order that the child be placed for adoption. (§ 366.26, subd. (c)(1).) To avoid termination under the parental benefit exception, the parent bears the burden of showing the child would benefit from a continued relationship with that parent. (§ 366.26, subd. (c)(1)(B)(i); *In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1343-1344.) Orders terminating parental rights, and findings regarding the existence of a beneficial parental relationship, are reviewed for substantial evidence. (*In re K.P.* (2012) 203 Cal.App.4th 614, 621.)

Substantial evidence supports the juvenile court's order here. The DSS reported that Mia's foster family was willing and able to adopt Mia, Mia had made "immense progress" while in their care, and Mia would be adoptable by another home (due to her "age and lovable nature") if the foster parents proved unable to adopt her.

Mother's offer of proof was insufficient to satisfy her burden of establishing more than an incidental benefit to Mia. Mother had only had a handful of visits with Mia from May through November 2015. All of those visits were supervised, and Mia was never in Mother's custody. (*In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1315-1316 [no beneficial parental relationship when child had never been in mother's custody, had never had unsupervised visits with mother, and once-per-week visits "amounted to little more than playdates . . . with a loving adult"].)

The contentions Mother raises in her May 24, 2016 letter (she states she is now sober and Mia would benefit by being raised by her) do not add substantively to those raised in her offer of proof to the juvenile court. Accordingly, we affirm.

3

*Reinstatement of Reunification Services*

The juvenile court may modify a prior order if the moving party can demonstrate changed circumstances or new evidence since the original order was entered. (§ 388, subd. (a)(1).) The denial of such a motion is reviewed for abuse of discretion. (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.)

The juvenile court did not abuse its discretion in denying Mother's motion under section 388, subdivision (a)(1). The grounds Mother provided for the motion (that Mother was sober and had reunited with one of her children, and Mia was no longer medically fragile) did not show a changed circumstance. When it terminated reunification services, the court was aware that Mother was progressing in her addiction program, was in the process of reuniting with several of her other children, and that Mia was progressing medically. The court nonetheless found the DSS had provided adequate services and Mother's progress was minimal, and that reunification should be terminated. (§ 366.21, subd. (e)(3).)

We disagree with Mother's contention that she did not understand the consequences of submitting to the recommendation to terminate reunification services. Mother was specifically informed that there would be "no promise or guarantee" that services would be reinstated, and Mother stated she understood.

*Mother's Request to Consider New Evidence*

Mother asks us to consider new evidence not before the juvenile court, including letters from friends, family, and coworkers, concerning her progress in treatment. However, we review the correctness of a judgment as of the time of its rendition, based on a record of matters that were before the juvenile court at that time. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We may not consider postjudgment evidence unless it "completely undermine[s] the legal underpinnings" of the prior order. (*Id.* at p. 413, fn. 11.) We decline to consider such evidence here, because it does not substantially differ from the facts before the juvenile court when it terminated her parental rights.

4

DISPOSITION

The orders are affirmed.

<u>NOT TO BE PUBLISHED</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____


Aida Aslanian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.